

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 3566 | DATE | 10/10/2002 |
| CASE TITLE | Household Internat'l, Inc. et al. Vs. Westchester Fire Insurance Co. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to transfer venue to the District of Delaware is granted and plaintiffs' motion to enjoin prosecution is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | OCT 11 2002 | |
| | Notices mailed by judge's staff. | date docketed | |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | | 13 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HOUSEHOLD INTERNATIONAL, INC., )
et al., )
)
Plaintiffs, )
)
vs. ) No. 02 C 3566
)
WESTCHESTER FIRE INSURANCE )
COMPANY, )
)
Defendant. )

DOCKETED
OCT 1 1 2002

## MEMORANDUM OPINION AND ORDER

Plaintiffs brought this action alleging common law and statutory fraud and unjust enrichment arising out of the sales of liability insurance by defendant. Defendant filed an action in federal district court in Delaware seeking a declaratory judgment that plaintiffs have no cause of action and that they are not covered for additional claims. Plaintiffs now move to enjoin prosecution of the Delaware action and defendant moves to transfer venue to the Delaware court. For the following reasons, defendant's motion to transfer is granted and plaintiffs' motion to enjoin prosecution is denied.

## BACKGROUND

Plaintiffs Household International, Inc., Household Retail Services, Inc., Household Bank (SB), N.A. (collectively, Household) and Beneficial National Bank USA (Beneficial) are consumer lenders who separately purchased umbrella liability insurance from defendant Westchester Fire Insurance Company (Westchester) between 1986 and 1997. Following a merger in 1998, Household became Beneficial's ultimate corporate parent.

Beginning in 1995, numerous individuals filed lawsuits against Household and Beneficial arising out of various consumer financing arrangements. Household and Beneficial subsequently filed claims with Westchester under their liability policies, which Westchester denied, arguing that plaintiffs were not covered for the lawsuits.

Beneficial filed suit against Westchester in federal district court in Delaware in March 1998 to compel Westchester to cover the claims. The district court granted summary judgment in favor of Westchester on October 13, 2000, holding that Beneficial was not covered by the policy and that ruling was affirmed by the Third Circuit on October 11, 2001. The dispute between Household and Westchester also resulted in litigation in Illinois state court, which was eventually settled by the parties.

Plaintiffs filed this suit together on May 17, 2002, alleging common law fraud, statutory fraud under both the Illinois Consumer Fraud Act and the New Jersey Consumer Fraud Act, and unjust enrichment arising out of the sales of the insurance policies. Following failed settlement negotiations, defendant filed suit in federal district court in Delaware on July 24, 2002, seeking a declaratory judgment decreeing that Household and Beneficial have no cause of action arising out from the sales. This case was assigned to Judge Farnon, who heard the earlier dispute between Beneficial and Westchester, and he agreed to stay the Delaware proceedings pending resolution of these motions.

## DISCUSSION

Plaintiffs seek to enjoin defendant from prosecuting the action in Delaware, arguing that the first-to-file rule, the convenience of the parties, and the interests of justice favor maintaining the complaint here while defendant seeks to transfer venue arguing that the

convenience of the parties and the interests of justice favor disposition of this case in Delaware.

Courts should not encourage the simultaneous litigation of two essentially identical claims in separate federal courts. <u>Asset Allocation & Management Co. v. Western Employers Ins. Co.</u>, 892 F.2d 566, 573 (7th Cir. 1989). There is a rebuttable presumption that the first-filed action should go forward and the second-filed action should be abated. *Id.* There is little debate that the Delaware action is virtually identical to this one. Defendant's claim essentially asks the Delaware court to declare that it is not liable for the claims that plaintiffs bring in this court.[1] At the heart of this dispute is a construction of the contract language. The question for this court becomes, where should the litigation proceed?

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Transfer is proper if (1) venue is proper in both courts; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. <u>Brandon Apparel Group, Inc. v. Quitman Mfg. Co., Inc.</u>, 42 F.Supp. 2d 821, 833 (N.D.Ill. 1999). The final determination and the weight of each factor is within the sound discretion of the trial judge. <u>Coffey v. Van Dorn Iron Works</u>, 796 F.2d 217, 219 (7th Cir. 1986). The parties do not contest that venue would be proper in either court.

<u>Convenience of the Parties</u>

In evaluating the convenience of each venue, the court should consider the plaintiff's choice; the situs of material events; the relative ease of access to evidence; the convenience of

---

[1] Defendants has also asked the Delaware court to declare that plaintiffs are not covered by the policies for subsequent claims. Plaintiffs do not dispute this and, in fact, this declaration may help plaintiffs in advancing their fraud claims.

the witnesses; and the convenience to the parties of litigation. <u>Brandon Apparel</u>, 42 F.Supp. 2d at 833. While a plaintiff's choice of forum should be given substantial deference, particularly if it is its home forum, it will not defeat an otherwise well-founded motion to transfer. *Id.* The movant has the burden of establishing that the transferee forum is clearly more convenient. <u>Coffey</u>, 796 F.2d at 219-20.

Neither forum is clearly more convenient than the other. Plaintiffs argue that, because Household is an Illinois-based corporation and many records relating to the sales of policies in Illinois are located here, this court is more convenient. While this is true, it only goes so far. Neither Beneficial nor Westchester has any connection to this state, and the parties fail to name a witness or piece of evidence for which either forum would be more convenient. The material events leading to this litigation (the negotiation and execution of the insurance contracts) took place throughout the country. While Household has elected to sue in its home forum, this is not the home forum of Beneficial, who earlier elected to file suit in Delaware to determine the extent of coverage.

<u>Interests of Justice</u>

In analyzing the interests of justice we look to the efficient functioning of the court system rather than the private interests of the parties. <u>Coleman Co., Inc. v. Black & Decker Corp.</u>, 1996 WL 41484, *6 (N.D.Ill. 1996). The possibility of consolidation with other litigation is one factor that the court should consider. *Id.* Transfer may be appropriate where litigation has been ongoing in the transferee venue and common questions of law and fact exist. *Id.*

The interests of justice favor transferring this case to Delaware. While the claims brought in this court differ from those in the original Beneficial litigation, there will

undoubtedly be many common issues raised in this litigation. At issue in this case will be an interpretation of the insurance contracts, an issue which the Delaware court has already addressed. The Delaware court is in a better position to interpret its prior opinion and deal with parties who have already appeared before that court.

Plaintiffs argue that Illinois is the proper forum because there is a strong state interest in question, the claims are dependent on Illinois law, and the litigation is likely to proceed faster in Illinois. Again, while Illinois does have an interest in protecting its consumers from fraud, the contract negotiations took place in various locations and Illinois is merely one of many states that has an interest in this litigation. We have no doubt that the Delaware court can adequately apply Illinois state law where appropriate. Finally, the Delaware court, which has already dealt with many of the issues and the parties in this case, should be able to resolve the outstanding issues as efficiently as this court. It appears that Judge Farnon is prepared to proceed immediately, pending the resolution of these motions.

Plaintiffs finally argue that public policy disfavors the filing of a duplicate action (particularly declaratory judgment actions) in order to transfer to a more favorable venue. *See* Martin v. Graybar Elec. Co., 266 F.2d 202, 204 (7th Cir. 1959). While such action by defendants is generally disfavored, this case is distinguishable in that Beneficial, one of the plaintiffs, initially chose to litigate these policies in the Delaware court. Following an unfavorable result there, plaintiffs chose to file a second action, surrounding the execution of the contracts, in a second venue.

The similarity of this case to the previous Beneficial litigation cannot be denied, even if the actual allegations of the plaintiffs are different. We find that because of this similarity,

the interests of justice outweigh the plaintiffs' choice of forum and any issues of convenience, and these interests dictate that the Delaware court ultimately resolve this dispute.

## CONCLUSION

For the foregoing reasons, defendant's motion to transfer venue to the District of Delaware is granted and plaintiffs' motion to enjoin prosecution is denied.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 10, 2002.